FILED: 2/17/2023 3:25 PM
David Trantham
Denton County District Clerk
By: Jessica Juarez, Deputy

CAUSE NO. 23-1425-431

| | |
|---|---|
| MARIA PEREZ,<br>PLAINTIFF,<br><br>VS.<br><br>DOLGENCORP OF TEXAS INC.,<br>DEFENDANT. | IN THE DISTRICT COURT<br><br>_____ JUDICIAL DISTRICT<br><br>DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, MARIA PEREZ, hereinafter called Plaintiff, complaining of and about DOLGENCORP OF TEXAS INC., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2. Plaintiff is currently seeking damages in excess of $250,000.00, but not more than $1,000,000.00.

### PARTIES AND SERVICE

2. Plaintiff, MARIA PEREZ, is an individual whose address is 1302 Cheyenne Rd, Lewisville, TX 75077.

3. Defendant, DOLGENCOPR OF TEXAS INC., is a foreign for-profit corporation doing business in the State of Texas and which may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX, 78701, or wherever they may be found. **Issuance of citation is requested at this time.**

PLAINTIFF'S ORIGINAL PETITION
Page 1

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to Defendant.

7. Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in Texas.

8. Venue in Denton County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9. On or around November 17, 2021, Plaintiff was an invitee at the Dollar General store located at 1106 W Main St, Ste A, Lewisville, TX 75067. Plaintiff was leaving the store when her boot got stuck in a hole in the ground unbeknownst to her causing her to slip and fall. Defendant failed to train its employees to safely inspect the store surroundings, failed to maintain a safe environment by leaving the floor unattended, failed to cure the defect in the floor, and failed to warn Plaintiff of the danger. As a result of Defendant's negligence, Plaintiff sustained injuries to numerous parts of her body.

## PLAINTIFF'S CLAIMS FOR NEGLIGENCE AGAINST DEFENDANT DOLGENCORP OF TEXAS INC.

10. Defendant had a duty to exercise the degree of care that a reasonably prudent and/or careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Defendant's negligent, careless, and reckless disregard of said duty.

12. Defendant's negligence, carelessness, and recklessness included, but are not limited to, the following acts and omissions:

   A. Defendant was the owner of the premises where Plaintiff suffered injuries.

   B. Plaintiff was a business invitee on the premises. "An invitee has been described as one who enters on another's land with the owner's knowledge and for the mutual benefit of both." Rosas v. Buddies Food Store, 518 S.W.2d 534, 536 (Tex. 1975) (citing Renfro Drug Co. v. Lewis, 235 S.W.2d 609 (Tex. 1950)). Plaintiff was on the premises in the scope of providing service in consideration of payment.

   C. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty of maintenance of areas open to users and their surroundings.

   D. Defendant breached the duty of ordinary care by failing to warn of or cure the defect that Defendant created, or by failing to maintain the floor on its premises.

   E. Defendant's breach of duty proximately caused injury to Plaintiff.

## RESPONDEAT SUPERIOR

13. At all relevant times, Defendant's negligent employees were acting in the scope of their employment with Defendant. Therefore, under the principle of *respondeat superior*, the masters are liable for their servant's torts.

## PLAINTIFF'S DAMAGES

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer physical injuries and to incur the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the event

complained of herein, and such charges are reasonable and were usual and customary charges for such services;

B. Reasonable and necessary medical care and expenses that, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering that, in reasonable probability, will be sustained in the future;

E. Physical impairment in the past;

F. Physical impairment that, in reasonable probability, will be sustained in the future;

G. Mental anguish in the past;

H. Mental anguish that, in reasonable probability, will be sustained in the future;

I. Loss of earnings in the past;

J. Loss of earning capacity;

K. Loss of earning capacity that, in reasonable probability, will be sustained in the future;

L. Disfigurement in the past; and

M. Disfigurement that, in reasonable probability, will be sustained in the future.

## NOTICE PURSUANT TO TRCP 193.7

15. NOTICE IS HEREBY GIVEN that pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Counsel for Plaintiff intends to use Defendant's discovery responses and any documents produced in discovery in the trial of this cause of action and/or any hearings before the Court herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate

allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICE OF TRUJILLO & SANCHEZ, P.C.**

*/s/ Rachel Verich*

Rachel Verich
 State Bar No. 24123190
Jorge E. Jasso
 State Bar No. 24101966
David Sanchez
 State Bar No. 24053461
James D. Trujillo
 State Bar No. 24056453

**Service Email:** faxes@972lawfirm.com
500 E. John Carpenter Fwy., Ste. 140
Irving, Texas 75062
Tel/Fax: (972) 529-3476
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Sanchez on behalf of Rachel Verich
Bar No. 24123190
faxes@972lawfirm.com
Envelope ID: 72888698
Status as of 2/17/2023 4:06 PM CST

Associated Case Party: Maria Perez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Raquel Leblanc | | raquel@972lawfirm.com | 2/17/2023 3:25:03 PM | SENT |
| Rachel Verich | | faxes@972lawfirm.com | 2/17/2023 3:25:03 PM | SENT |

**LEGAL DOCUMENT MANAGEMENT**
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240

7022 3330 0001 1904 0270

US POSTAGE
$9.00
First-Class

**CORPORATION SERVICE COMPANY**
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701